**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY HUCKABEE,

               Plaintiff-Appellant,

  v.

McGUINESS, Dr.; et al.,

               Defendants-Appellees,

 and

MEDICAL STAFF AT CSATF; et al.,

               Defendants.

No. 20-15448

D.C. No. 1:09-cv-00749-DAD-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

California state prisoner Anthony Huckabee appeals pro se from the district

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Wu regarding the change in Huckabee's Timolol prescription, and defendants Jimenez and McGuinness regarding the renewal of Huckabee's Timolol prescription, because Huckabee failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs. *See id.* at 1057-60 (deliberate indifference is a high legal standard, and a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice or negligence concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Huckabee leave to file a sixth amended complaint because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation

marks omitted)).

The district court did not abuse its discretion by permitting McGuinness to file a joinder in a motion for summary judgment filed by defendants Enenmoh, Jimenez, and Wu. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (setting forth standard of review and noting a district court's "considerable latitude in managing the parties' motion practice").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**